**Arturo GOMEZ, Jr., et al.**

v.

**John W. GALLOWAY et al.**

**Civ. A. No. 76–C–146.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

Feb. 3, 1977.

---

Joaquin G. Avila, Mexican American Legal Defense & Educational Fund, San Antonio, Tex., for plaintiffs Arturo Gomez, Jr., Ben G. Salazar, Jessy Garza, Ernesto Martinez, individually and on behalf of all others similarly situated.

Lev Hunt, Kleberg, Mobley, Lockett & Weil, Corpus Christi, Tex., for defendants John W. Galloway, individually and in his official capacity as Mayor of the City of Beeville, Bee County, Texas, Joe E. Moron, individually and in his official capacity as Mayor Pro Tem of the City of Beeville, Bee County, Texas, Jimmy Martinez, Ronald G. Hardy and Harold G. Finke, individually and in their official capacities as members of the City Council for the City of Beeville, Bee County, Texas, Tomas P. Saenz, individually and in his official capacity as City Secretary of the City of Beeville, Bee County, Texas, and the City of Beeville, Bee County, Texas.

## ORDER

OWEN D. COX, District Judge.

Plaintiffs seek injunctive relief under the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, *et seq.,* alleging that Defendant City of Beeville is in violation of Section 5's preclearance requirement. They request a three-judge court.

28 U.S.C. § 2284(b)(1) states that upon filing a request for three judges, "the judge to whom the request is presented shall, *unless he determines that three judges are not required,* immediately notify the chief judge of the circuit . . . ." (Emphasis supplied.) This Court will follow the decision in *United States v. Sheffield, Alabama* (Three Judge Panel, N.D.Ala.) (No. 76–M–1086) (Memo.Opin. Dec. 13, 1976), and finds that the Voting Rights Act of 1965, as amended, is not applicable to the City of Beeville or any of its officers or representatives, because it is not a "political subdivision" as that term is defined in 42 U.S.C. § 1973c. A three-judge court is not required. Therefore, Plaintiffs' request for a three-judge court is denied, and that portion of Plaintiffs' cause of action based on the Voting Rights Act of 1965, as amended, is hereby dismissed.

The Court retains jurisdiction of that part of this cause based on 42 U.S.C. § 1983 and the action for declaratory relief pursuant to 28 U.S.C. § 2201. Plaintiffs' complaint does not set forth requests for specific injunctive relief under 42 U.S.C. § 1983 and therefore this Court will not set a hearing on a preliminary injunction unless Plaintiffs so request. Plaintiffs are hereby granted twenty (20) days from the date of entry of this order to amend their complaint in connection with the § 1983 claim to specify injunctive or other relief they may currently seek.

IT IS SO ORDERED.